**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP<br>80 Main Street, Suite 460<br>West Orange, NJ 07052<br>(973) 325-8800<br>File No.: 03-015273-B01<br>Douglas McDonough, Esq.<br>Attorney ID: DM0973<br>DMcDonough@flwlaw.com<br>Attorney for U.S. Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-5, Secured Creditor | Case No.: **22-17729-SLM**<br><br>Chapter 13<br><br>Judge: Stacey L. Meisel |
| In Re:<br><br>**Yitzchak E. Cohen,**<br><br>                       Debtor(s). | |

**NOTICE OF OBJECTION TO CONFIRMATION OF**
**CHAPTER 13 PLAN**

U.S. Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-5 (the "Secured Creditor") which holds a mortgage lien on the real property located at 622 Rutland Ave, Teaneck, NJ 07666 (the "Property") hereby objects to the proposed plan filed in the above referenced Chapter 13 due to the following reasons:

1. Pursuant to 11 U.S.C. § 1325(a)(5) the court shall confirm a plan only if at least one of three conditions relating to secured claims are met.

    a. The Secured Creditor does not accept the proposed plan, pursuant to 11 U.S.C. § 1325(a)(5)(A).

    b. The plan does not cure all the pre-petition arrears due and owing Secured Creditor, in violation of 11 U.S.C. § 1325(a)(5)(B)(ii).

    c. The Plan does not call for the surrendering of the Property securing the Secured Creditor's claim, pursuant to 11 U.S.C. § 1325(a)(5)(C).

2. Absent the proposed Plan being modified to satisfy at least one of the above itemized conditions, this Plan should not be confirmed.

3. Secured Creditor estimates its prepetition arrears at $795,049.00.[1] The proposed Plan fails to provide for distribution to Secured Creditor in an amount equal to the allowed amount of Secured Creditor's Claim as required by 11 U.S.C. § 1325(a)(5)(B)(ii).

    a. If the Plan is to account for the full amount of Secured Creditor's pre-petition arrears, it calls into question the feasibility of making the increased Plan payments over the life of the Plan.

    b. Schedules I and J of the petition should show the ability to support the higher payments or the Court should not confirm the Plan.

4. The proposed Plan does not provide for the curing of any default within a reasonable time in violation of 11 U.S.C. § 1322(b)(5) due to the provision, in Part 1.c., that the Property will be sold or the debt on the Property refinanced to cure the Secured Creditor's default and satisfy the claim. This is too speculative of a contingency to fund the plan.

        i. Further, the Plan fails to provide an alternative basis for reorganization if the sale or refinance is not consummated.

---

[1] If there is any discrepancy between the arrears amount listed in this Objection, and the arrears amount listed in Secured Creditor's proof of claim, the proof of claim should control.

Based on the above, the Secured Creditor objects to confirmation of the proposed Plan unless the provisions in the Plan are modified to address the above itemized objections.

Secured Creditor further joins in any objection raised by the Chapter 13 Standing Trustee.

**FRENKEL LAMBERT WEISS
WEISMAN & GORDON, LLP**
Attorneys for Secured Creditor

Dated: October 31, 2022

/s/ *Douglas McDonough*
Douglas McDonough. Esq.